IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DARRELL SHERIFF,
                          Plaintiff,

   v.                                   MEMORANDUM and ORDER

GARY VANDEVERE and TRACY               07-C-324-S
ROBERTS,

                          Defendants.
_____

    Plaintiff Darrell Sheriff was allowed to proceed on his Fourteenth Amendment due process claims against defendants Gary Vandevere and Tracy Roberts.  In his complaint he alleges that defendant Gary Vandevere issued him a false conduct report and that defendant Tracy Roberts punished him based on the false report.

    On September 10, 2007 defendants moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of facts, conclusions of law, an affidavit and a brief in support thereof.  This motion has been fully briefed and is ready for decision.

    On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

FACTS

For purposes of deciding defendants' motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Darrell Sheriff was at all times material to this action an inmate at the Dane County Jail Ferris Center. He was serving a nine month sentence for aggravated battery and for causing great bodily harm to his girlfriend, Joan Bruckert.

Defendant Gary Vandevere is a Dane County Deputy Sheriff. Defendant Tracy Roberts is a Classification and Hearing Specialist at the Dane County Jail.

2

On October 20, 2006 Joan Bruckert visited plaintiff at the Ferris Center. Defendant Vandevere heard them arguing. Deputy Lydia Natera-Kaddatz, who was also in the visiting room, warned plaintiff and Bruckert that their visit would be terminated if they did not stop arguing. Bruckert was visibly upset and attempted to leave with her young child. Plaintiff reached across the table and grabbed Bruckert by the arm. He told her to sit back down. Bruckert responded by yelling, "Don't fucking touch me!". Defendant Vandevere ordered Sheriff to release Bruckert and escorted him from the visiting room. Defendant Vandevere placed plaintiff in handcuffs. Plaintiff yelled profanities and threats at defendant Vandevere which could be heard in the visiting room.

Plaintiff was transported to the Public Safety Building jail pending a disciplinary hearing for his violation of jail rules. On October 23, 2006 defendant Roberts served a Notice of Disciplinary Hearing on plaintiff. Plaintiff requested a formal disciplinary hearing with a staff advocate and witnesses.

Plaintiff did not identify any witnesses but requested as witnesses all inmates in the visiting room at the time of the incident. Defendant Roberts denied his request because she felt the testimony would be cumulative and because the requested witnesses had not been identified by name. Plaintiff requested to have Deputy Becky Beyer as his staff advocate at the hearing. But she was not available. Although Deputy John Cahill was available

to serve as his advocate, plaintiff stated he no longer wanted an advocate.

At the October 26, 2006 hearing defendant Roberts found plaintiff guilty of failure to follow staff directions, unacceptable behavior, disrespect to staff, threatening staff and disorderly behavior. Defendant Roberts recommended that plaintiff's Huber privileges be revoked, that he receive eight days of lockdown and that he lose his visitation privileges for one month.

Plaintiff was provided a written copy of the disciplinary hearing determination which explained the guilty finding and punishment. It also summarized Deputy Vandevere's report as the evidence upon which the guilty finding was based. On October 26, 2006 Lieutenant Schuetz denied plaintiff's appeal of the disciplinary hearing.

## MEMORANDUM

Plaintiff claims that defendant Vandevere falsely accused him of violating certain jail rules. He further claims that he was punished for this false report by defendant Roberts. In opposing defendants' motion for summary judgment plaintiff cannot rest on the mere allegations of his pleadings but must submit evidence that there is a genuine issue of material fact for trial. Although plaintiff has submitted an opposition brief, he has failed to submit any evidence which contradicts the affidavits submitted by

the defendants.  There is no genuine issue of material fact, and this case can be decided on summary judgment as a matter of law.

An allegation that a correctional officer falsely implicated an inmate in a disciplinary report fails to state a claim upon which relief can be granted where the inmate is afforded the procedural due process protections required by Wolff v. McDonnell, 418 U.S. 539 (1974). Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).  The required due process protections include written notice of the charge against the inmate at least twenty-four hours prior to the hearing, the right to appear in person at the hearing before an impartial hearing officer, the right to call witnesses and to present documentary evidence, when doing so will not unduly jeopardize institutional safety or correctional goals, and a written statement of the reasons for the disciplinary action taken. Wolff, 418 U.S. at 566.  In addition the disciplinary decision must be supported by some evidence.  Superintendent v. Hill, 472 U.S. 445 (1985).

Plaintiff was provided written notice of the charges against him at least twenty four hours prior to the hearing and appeared in person at his hearing before an impartial hearing officer.  He was allowed to present documentary evidence at the hearing although his request for witnesses was denied because he did not identify them by name.  Plaintiff was provided a written statement of the reasons

for the disciplinary action. He received all the due process protections to which he was entitled according to Wolff.

Further, there was some evidence to support the guilty finding. Both defendant Vandevere and Deputy Natera-Kaddatz saw plaintiff grab Bruckert. Plaintiff also failed to follow their orders to stop arguing. Plaintiff's due process rights were not violated according to Hill and Wolff.

Defendants are entitled to judgment in their favor. Accordingly, their motion for summary judgment will be granted.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claims must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that the defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.

Entered this 3rd day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge